Ehab M. Samuel (SBN 228296)
esamuel@orbitip.com
David A. Randall (SBN 156722)
dave@orbitip.com
**ORBIT IP, LLP**
620 Newport Center Drive, Suite 1100
Newport Beach, CA 92660
Phone: (310) 887-1333
Fax: (310) 887-1334

*Attorneys for Defendant
Choe Family, LLC*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY LEE, an individual<br><br>Plaintiff,<br><br>v.<br><br>CHOE FAMILY, LLC, a California limited liability company, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 2:24-CV-05089-JVS-JDE<br><br>*[Originally filed in Los Angeles County Superior Court; Case No.: 24STCV14785]*<br><br>Related Case:<br>Case No. 8:24-cv-01266-JVS-JDE<br><br>**DEFENDANT CHOE FAMILY, LLC'S FIRST-AMENDED ANSWER AND COUNTERCLAIMS**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Complaint Filed: June 12, 2024 |

Pursuant to Federal Rule of Civil Procedure 15(a)(1)(A), Defendant Choe Family, LLC ("Defendant" or "Choe Family"), by and through undersigned counsel, hereby submits this First-Amended Answer and Counterclaimsto the Complaint for Damages ("Complaint") filed by Plaintiff Henry Lee ("Plaintiff" or "Lee") in the Superior Court for the County of Los Angeles and subsequently removed to this Court. Any allegation in the Complaint not specifically admitted below is denied.

## ANSWER TO THE COMPLAINT

## GENERAL ALLEGATIONS

1. Defendant admits that Plaintiff is an individual with a business address within the City and County of Los Angeles. Except as admitted, Defendant denies each and every allegation of Paragraph 1 of the Complaint.

2. Choe Family is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint and therefore denies them.

## FIRST CAUSE OF ACTION

## UNPAID WAGES

3. Choe Family denies each and every allegation of Paragraph 3 of the Complaint.

4. Choe Family admits that Plaintiff seeks to recover unpaid wages. Except as expressly admitted, Defendant Choe Family denies each and every allegation of Paragraph 4 of the Complaint. Defendant Choe Family further affirmatively denies that it ever employed Plaintiff or that it owes Plaintiff any unpaid wages or any statutory interest thereon.

## SECOND CAUSE OF ACTION

## DECLARATORY RELIEF

5. Defendant Choe Family admits that a controversy exists between the parties. Except as admitted, Defendant Choe Family denies each and every allegation of Paragraph 5 of the Complaint.

6. Defendant Choe Family admits that the disputes are ongoing and that Plaintiff is seeking a declaration of rights. Except as admitted, Defendant Choe Family denies each and every allegation of Paragraph 6 of the Complaint. Defendant Choe Family further expressly denies that Plaintiff is entitled to a declaration that the sole and exclusive managing member remains Plaintiff Lee, with no other parties having any rights, title, interests or authority to act on behalf of Defendant Choe Family. Defendant Choe Family further expressly denies that Plaintiff is entitled to a declaration he was never a signatory to any of Defendants' bank accounts and never controlled any of Defendants' funds.

## **AFFIRMATIVE DEFENSES**

Choe Family asserts the following affirmative defenses without prejudice to its position that it does not have the burden of proof to establish these defenses to the extent that the burden on the issue rests with Plaintiff as a matter of law. Choe Family hereby reserves its right to amend its Answer and Affirmative Defenses as additional information becomes available and additional defenses become apparent.

### **FIRST AFFIRMATIVE DEFENSE**
**(Unclean Hands)**

All of Plaintiff claims are barred by Plaintiff's unclean hands.

### **SECOND AFFRMATIVE DEFENSE**
**(No Valid, Legal Contract)**

No valid, legal contract existed between Defendant Choe Family and Plaintiff that required Defendant Choe Family to compensate Plaintiff.

### **THIRD AFFIRMATIVE DEFENSE**
**(Void)**

The May 2021 Choe Family, LLC Operating Agreement is void and Plaintiff has no rights thereunder.

## FOURTH AFFIRMATIVE DEFENSE
### (No Consideration)

Any contract alleged to exist lacks consideration or there was a failure of consideration.

## FIFTH AFFIRMATIVE DEFENSE
### (Unenforceable)

Any contract alleged to have existed is unenforceable because it was not in writing, violates the statute of frauds, and/or violates the California Business and Professions Code.

## SIXTH AFFIRMATIVE DEFENSE
### (Not Definite)

Any contract alleged to exist with Choe Family is not sufficiently definite to be enforceable.

## SEVENTH AFFIRMATIVE DEFENSE
### (Impossible)

Performance of the contract alleged with Choe Family was impossible.

## EIGHTH AFFIRMATIVE DEFENSE
### (Illegal)

Performance of the contract alleged with Choe Family was illegal.

## NINTH AFFIRMATIVE DEFENSE
### (Non-Performance)

Performance of the contract alleged with Choe Family was prevented by non-occurrence of a condition precedent.

## TENTH AFFIRMATIVE DEFENSE
## (Waiver)

As a separate and distinct affirmative defense, Choe Family alleges that the Complaint, and each and every alleged cause of action therein, is barred by the doctrine of waiver.

## ELEVENTH AFFIRMATIVE DEFENSE
## (Bad Faith)

Plaintiff acted in bad faith.

## TWELFTH AFFIRMATIVE DEFENSE
## (Breach)

Plaintiff was first to breach any contract with Defendant Choe Family.

## THIRTEENTH AFFIRMATIVE DEFENSE
## (Failure to Mitigate)

As a separate and distinct affirmative defense, Choe Family alleges that Plaintiff failed, refused, and/or neglected to mitigate or avoid the damages complained of in the Complaint, if any.

## FOURTEENTH AFFIRMATIVE DEFENSE
## (Repudiation)

Plaintiff anticipatorily repudiated any contract he had with Defendant Choe Family.

## FIFTEENTH AFFIRMATIVE DEFENSE
## (Cancellation)

Plaintiff cancelled any contract with Choe Family.

## SIXTEENTH AFFIRMATIVE DEFENSE

## (Null)

Any contract Plaintiff had with Choe Family was nullified.

## SEVENTEENTH AFFIRMATIVE DEFENSE

## (Novation)

Any contract Plaintiff had with Choe Family was the subject of a novation.

## EIGHTEENTH AFFIRMATIVE DEFENSE

## (Failure to State a Claim)

Plaintiff has failed to state a claim upon which relief can be granted.

## NINTEENTH AFFIRMATIVE DEFENSE

## (Estoppel)

As a separate and distinct affirmative defense, Choe Family alleges that Plaintiff is estopped by his conduct from asserting each of the causes of action upon which Plaintiff seeks relief.

## TWENTIETH AFFIRMATIVE DEFENSE

## (Statute of Limitations)

As a separate and distinct affirmative defense, Choe Family alleges that all or portions of the claims set forth in the Complaint are barred by the applicable statutes of limitations, including but not limited to Code of Civil Procedure sections 335.1, 337, 338, 339, 340, and/or 343.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

## (Laches)

As a separate and distinct affirmative defense, Choe Family alleges that

the Complaint and each and every alleged cause of action therein are barred, in whole or in part, by the equitable doctrine of laches.

### **TWENTY-SECOND AFFIRMATIVE DEFENSE**
### **(Good Faith Actions)**

As a separate and distinct affirmative defense, Choe Family alleges Plaintiff were treated fairly and in good faith, and that all actions taken regarding them were taken for lawful business reasons and in good faith.

### **TWENTY-THIRD AFFIRMATIVE DEFENSE**
### **(Good Faith Actions and Belief)**

As a separate and distinct affirmative defense, Choe Family alleges that the Complaint and each cause of action set forth therein cannot be maintained because, without admitting that any violation took place, Choe Family alleges that any violation of the Labor Code or of a Wage Order of the Industrial Welfare Commission was an act or omission made in good faith, and that in any participation in such acts, Defendants had reasonable grounds for believing that the act or omission was not a violation of the Labor Code or any Wage Order of the Industrial Welfare Commission.

### **TWENTY-FOURTH AFFIRMATIVE DEFENSE**
### **(No Willful Conduct)**

As a separate and distinct affirmative defense, Choe Family alleges that assuming, *arguendo,* that Plaintiff is entitled to additional compensation, Choe Family has not willfully or intentionally failed to pay any such additional compensation to Plaintiff to justify any awards of penalties or fees.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE
## (After-Acquired Evidence Doctrine)

As a separate and distinct affirmative defense, Choe Family alleges that to the extent discovery may disclose information which could serve as a basis for termination of Plaintiff's alleged employment, Plaintiff is barred from recovery by the after-acquired evidence doctrine.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE
## (Acts or Omissions of Plaintiff)

As a separate and distinct affirmative defense, Choe Family alleges that the Complaint, and each purported cause of action asserted against Defendants therein, is barred to the extent that damages, if any, resulted from the acts and/or omissions of Plaintiff.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE
## (All Wages Paid)

As a separate and distinct affirmative defense, Choe Family alleges that Plaintiff has been paid and/or received all wages due to Plaintiff by virtue of Plaintiff's alleged employment.

## TWENTY -EIGHTH AFFIRMATIVE DEFENSE
## (Not Employed by Defendant(s))

As a separate and distinct affirmative defense, Choe Family alleges that the Complaint and each and every alleged cause of action therein are barred, in whole or in part, because Plaintiff was not employed by Defendant(s).

## TWENTY-NINTH AFFIRMATIVE DEFENSE
## (Voluntary Resignation)

As a separate and distinct affirmative defense, Choe Family alleges that the Complaint and each and every alleged cause of action therein are barred, in whole or in part, because Plaintiff voluntarily resigned from employment.

### THIRTIETH AFFIRMATIVE DEFENSE
### (Offset/Setoff)

As a separate and distinct affirmative defense, Choe Family alleges that, to the extent the Court holds that Plaintiff is entitled to any payment or other damages, if any, any such payments or damages are subject to an offset of amounts already paid by or for or on behalf of Choe Family. To the extent the Court holds that Plaintiff is entitled to payment or other damages, which are specifically denied, Choe Family is entitled under the equitable doctrine of setoff and recoupment to offset all prior payments already provided to Plaintiff.

### THIRTY-FIRST AFFIRMATIVE DEFENSE
### (Accord and Satisfaction)

To the extent Plaintiff accepted payments for alleged services rendered, the underlying claims for such payments are barred by the doctrine of accord and satisfaction. Plaintiff accepted without protest such payments. Plaintiff accepted each and every payment made without making any claim that the payments were improper or otherwise deficient. By doing so, Plaintiff entered into an accord and satisfaction with Choe Family on the grounds that the payments were made in full. Plaintiff's acceptance of these payments bars any damages for Plaintiff's claims.

### THIRTY-SECOND AFFIRMATIVE DEFENSE
### (Ratification)

To the extent Plaintiff accepted payments for alleged services rendered, the underlying claims for such payments are barred on the ground that Plaintiff ratified

Choe Family's conduct by accepting the payments.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendant Choe Family demands a trial by jury of all issues and claims which are so triable.

# COUNTERCLAIM

1. Defendant and Counterclaimant Choe Family, LLC ("Choe Family") hereby counterclaims against Plaintiff and Counterdefendant Henry M. Lee ("Lee") and in support of same alleges as follows.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because the counterclaims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2002.

3. Further, the Court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 because the counterclaims are so related to the federal claims in the related case *Boltier R&D, Inc. v. Henry Lee et al.* (Case No. 8:24-cv-01266-JVS-JDE) that they form part of the same case or controversy and derive from a common nucleus of operative facts.

4. This Court has personal jurisdiction over Counterdefendant Lee because he resides in this District.

5. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because Lee resides in this judicial district and/or a substantial part of the acts of infringement and civil wrongs giving rise to the claims asserted herein occurred in this District.

## PARTIES

6. Counterclaimant Choe Family is a limited liability company organized under the laws of California and authorized to do business and doing business in Los Angeles, California.

7. Counterdefendant Lee is an individual residing at 525 N. Alpine Dr., Beverly Hills, CA 90210. Lee is an attorney licensed to practice law in the State of California. His law office is located under Henry M. Lee Law Office with an office at 3731 Wilshire Blvd., Los Angeles, California 90010. Lee is also the Chief Executive Officer of ADC Energy USA, Inc. ("ADC USA")

## GENERAL ALLEGATIONS

8. Hun Yong Choe ("Choe") is currently a sixty-nine-year-old individual born and raised in Korea and now residing in Cerritos, California.

9. Choe was originally a 100% owner of Choe Family until May 29, 2021, when Lee and his company HAJA Family, LLC ("HAJA") purportedly took ownership of 25% of Choe Family through a device, scheme, or artifice designed to defraud Choe.

10. On June 11, 2024, Defendant Choe Family commenced an action against Lee and his wife Jina Lee ("Jina"), among other co-conspirators, in the United States District Court, Central District of California, entitled *Boltier R&D, Inc. et al. v. Henry Lee et al.*, Case No. 8:24-cv-01266-JVS-JDE ("Lee RICO Action").

11. On June 11, 2024—the same day the Lee RICO Action was filed— Lee filed a false and fraudulent Statement of Information with the California Secretary of State declaring himself to be the sole manager of Choe Family. *See* Defendant Choe Family, LLC's Notice of Removal of Action Under 28 U.S.C. § 1367(a), Dkt. 1 ("Removal Notice") at Exhibit 3.

12. On June 13, 2024, Choe filed a corrected Statement of Information with the California Secretary of State reidentifying himself as manager and CEO of Choe Family. *Id.* at Exhibit 5.

13. Then, notwithstanding Choe's demand to Lee to cease from filing false Statements of Information, on the same day, at 2:19 pm, Lee and Jina filed yet another false and fraudulent Statement of Information with the Secretary of State, purporting to replace Choe with Jina as the Manager for Choe Family. *Id.* at Exhibit 6.

14. On June 13, 2024, Lee filed the present action in state court against Choe Family LLC (Case No. 24STCV14785, "State Court Action") asserting claims of unpaid wages and seeking declaratory relief on the following issues ("Lee Disputed Issues"): (i) that Lee "was never a signatory to any of Defendants' bank accounts and never controlled any of Defendants' funds"; (ii) that "the sole and exclusive signatory

**FIRST-AMENDED ANSWER AND COUNTERCLAIMS**

who had and continues to have complete and sole control over Defendant's former managing member, Hun Yong Choe"; and (iii) that "Choe Family, LLC's sole and exclusive managing member remains Henry Lee, with no other parties having any rights, title, interest or authority to act on behalf of Choe Family, LLC." Complaint, ¶ 5.

15. Then, in the State Court Action, Lee orchestrated the filing of a "Proof of Service of Summons" on Jina, his wife, as purported agent of process (without serving or providing notice of the State Court Action to Choe). Removal Notice, Dkt. 1 at Exhibit 7.

16. On June 14, 2024, Choe filed yet another corrected Statement of Information with the Secretary of State, replacing Jina with Choe. *Id.* at Exhibit 8.

17. On July 24, 2024, unbeknownst to Choe, Lee stated that a confidential settlement agreement exists and applies to his State Court Action. This settlement agreement with Choe Family was done without Choe's knowledge—the true and only managing member of Choe Family.

18. On information and belief, Lee orchestrated the above scheme to effectuate a fraudulent settlement agreement with Choe Family, where his wife and co-conspirator Jina signed a settlement agreement on behalf of Choe Family to settle the State Law Action and possibly other claims against them.

## COUNT I: DECLARATORY JUDGMENT

19. Counterclaimant hereby incorporates by reference herein each of the preceding allegations.

20. There is a continuing, ripe and justiciable controversy concerning (i) the Lee Disputed Issues that Lee sought declaratory relief; (ii) whether Lee is entitled to any unpaid wages from Choe Family; (iii) whether Lee obtained any rights, title, interests, or authority to act on behalf of Choe Family; and (iv) whether any settlement agreements executed by Jina purportedly on behalf of Choe Family is void and illegal.

21. Counterclaimant herein claims that neither the Choe Family Operating Agreement nor the ADC Inc.-Choe Family Shares Transfer Agreement was actually effective, and is thus voidable because as of purported execution date of May 29, 2021, HAJA was not authorized to do business as it had been suspended and inactive with the California Secretary of State. Pursuant to California Revenue and Taxation Code §23304.1(a), both the Choe Family Operating Agreement and the ADC Inc.-Choe Family Shares Transfer Agreement were ineffective and voidable under §23304.5.

22. In addition, Counterclaimant claims that the Choe Family Operating Agreement and the ADC-Inc.-Choe Family Shares Transfer Agreement are void ab initio because Lee deceived Choe to enter into them through undue duress, fraud, mistake and other illicit means during a particularly vulnerable time when elderly Choe was mourning the death of his wife of four decades.

23. Therefore, Counterclaimant seeks a declaratory judgment that each of the Choe Family Operating Agreement and ADC-Inc.-Choe Family Shares Transfer Agreement is void *ab initio* and that Lee obtained no rights, title, interests, or authority to act on behalf of Choe Family.

24. Counterclaimant also seeks a declaratory judgment that:
   a. Lee is not entitled to any unpaid wages or any other form of compensation from Counterclaimant;
   b. Any agreements executed by Lee or Jina on behalf of Choe Family is null and void;
   c. Any agreements not executed by Choe on behalf of Choe Family are null and void; and
   d. Lee and his co-conspirators in the Lee RICO Action had access and control to the Defendants' banks accounts and funds.

## PRAYER FOR RELIEF

WHEREFORE, Counterclaimant demands judgment be entered against Counterdefendant Lee as follows:

1. On Count I (Declaratory Judgment):

    a. a declaratory judgment that each of the Choe Family Operating Agreement and the ADC-Inc.-Choe Family Shares Transfer Agreement is void *ab initio* and any and all subsequent actions taken by the parties based thereon are ineffective and void *ab initio*;

    b. a declaratory judgment that Lee obtained no rights, title, interests, or authority to act on behalf of Choe Family;

    c. a declaratory judgment that Lee is not entitled to any unpaid wages or any other form of compensation from Counterclaimant;

    d. a declaratory judgment that any agreements executed by Lee or Jina on behalf of Choe Family is null and void;

    e. a declaratory judgment that any agreements not executed by Choe on behalf of Choe Family are null and void; and

    f. a declaratory judgment that Lee and his co-conspirators in the Lee RICO Action had access and control to the Defendants' banks accounts and funds.

    g. for an award of attorneys' fees and costs as allowed by law;

    h. for preliminary and permanent injunctive relief; and

    i. for such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Counterclaimant hereby demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

| | | |
|---|---|---|
| DATED: July 26, 2024 | | ORBIT IP, LLP |

By: /s/ Ehab M. Samuel
EHAB M. SAMUEL
DAVID A. RANDALL

*Attorneys for Choe Family, LLC*

# PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to this action. My current business address is 620 Newport Center Drive, Suite 1100, Newport Beach, CA 92660.

On <u>July 26, 2024</u>, I served, in the manner indicated below, the foregoing documents(s) described as:

**DEFENDANT CHOE FAMILY, LLC'S FIRST-AMENDED ANSWER AND COUNTERCLAIMS**

on the interested parties in this action as follows:

    HENRY LEE
    3731 Wilshire Blvd., Suite 930
    Los Angeles, California 90010
    henry@hleelaw.com

[**X**] (**BY MAIL**) I placed each of the foregoing documents in an envelope addressed to the interested parties identified above, and I caused such envelopes to be deposited in the United States mail at Los Angeles, California, with postage thereon fully prepaid. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the United States Postal Service each day and that practice was followed in the ordinary course of business for the service herein attested to (F.R.C.P. § 5 (b)(2)(C)).

[**X**] (**BY ELECTRONIC MAIL**) I caused the document(s) to be transmitted by electronic mail to the e-mail addresses for each party indicated in the service list above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    Executed on <u>July 26, 2024</u>.

                                               /s/ Ehab M. Samuel
                                               Ehab M. Samuel